Original

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NEVILLE FRANCIS

          Plaintiff,

09 Civ. 09 0422

IRIZARRY, J.
POHORELSKY, M.J.

"ECF CASE"

-against-

**COMPLAINT AND DEMAND FOR JURY TRIAL**

THE CITY OF NEW YORK, a municipal entity, KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, DETECTIVE DAVID LUPPINO, Shield No. 3626, DETECTIVE LALLAVE, Shield No.: 3824 and "JOHN DOES," unidentified police officers employed by the New York City Police Department, in their official and individual capacities,
          Defendants.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 30 2009 ★
BROOKLYN OFFICE

------------------------------------------------------------X

Plaintiff **NEVILLE FRANCIS**, by his attorney, DANIELLE V. EADDY, complaining of the Defendants, respectfully shows and alleges as follows:

## PRELIMINARY STATEMENT

**ONE**: This is a civil rights action seeking damages for the false arrest, false imprisonment and malicious prosecution of the Plaintiff, **NEVILLE FRANCIS**, in violation of the United States Constitution, the Civil Rights Act of 1871, and 42 U.S.C. §§ 1981 and 1983.

**TWO**: On or about February 8, 2006 at approximately 8:40 P.M. and 3:00 P.M. at the corner of Vernon and Marcy Avenues in Brooklyn, New York, the Plaintiff was stopped, searched and placed under arrest by members of the New York City Police Department acting under

color of state law unjustifiably and without probable cause. Said New York City Police Officers are agents and employees of the City of New York.

**THREE:** As a result of said unlawful arrest, unlawful search and seizure, unlawful imprisonment and malicious prosecution, Plaintiff was seriously and permanently damaged.

**FOUR:** Plaintiff seeks monetary damages, both compensatory and punitive, injunctive and declaratory relief in order to assure that the Plaintiff secures full and complete relief and justice for the violations of his rights under the law, costs, attorney's fees and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

**FIVE:** This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983, 1985 and 1988.

**SIX:** The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367, and the doctrine of pendent jurisdiction.

**SEVEN:** The acts complained of occurred in the Eastern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. §1391 (b).

**EIGHT:** A written Notice of Claim to sue, as required by Section §50 (e) of the General Municipal Law of the State of New York, was personally served by Plaintiff upon the Defendants on or about May 6, 2006 in duplicate at the New York City Corporation Counsel's Office located at 100 Church Street, New York, New York 10007.

**NINE:** At least 30 (thirty) days have elapsed since the demand or claim upon which this action is predicated was presented to the **CITY OF NEW YORK** for adjustment, and the City has

neglected and/or refused to make adjustment or payment thereof.

**TEN:** This action is commenced within one year and ninety days after the cause of action accrued.

.

## THE PARTIES

**ELEVEN:** The Plaintiff is a citizen of the United States of America residing in the State, and City of New York. The Plaintiff is a forty-five year old African-American male.

**TWELVE:** Defendant **CITY OF NEW YORK** (hereinafter "the City",) is a municipal entity which was created under the existing laws and Constitution of the State of New York. The defendant City of New York is authorized and charged with maintaining a police department for the express purpose of protecting the welfare of those individuals who reside therein. Further, the defendant City was and continues to be responsible for the policy, practice, supervision, implementation and conduct of all matters within the New York City Police Department (hereinafter "NYPD") including but not limited to the training, supervision, and conduct of all NYPD personnel. The City is charged with ensuring that the NYPD personnel follow and carry out the laws of the United States.

**THIRTEEN:** At all relevant times, the Defendant **LUPPINO** was a Police Officer assigned to the Brooklyn North Narcotics Division in Brooklyn, New York, City and State of New York under Shield Number 6025.

**FOURTEEN:** At all relevant times, the Defendant **LALLAVE** was a Police Officer assigned to the Brooklyn North Narcotics Division in Brooklyn, New York, City and State of New York under Shield Number 3824.

**FIFTEEN:** Upon information and belief, at all relevant times, **Defendant Police Officers "JOHN DOES"** were assigned as either police officers or detectives within the Brooklyn North Narcotics Division of the New York City Police Department in Brooklyn, New York, City and State of New York.

**SIXTEEN:** That at all times hereinafter mentioned, the Defendant, **KINGS COUNTY DISTRICT ATTORNEY'S OFFICE,** (hereinafter **KCDA**) was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

## JURY DEMAND

**SEVENTEEN:** Plaintiff demands a trial by jury in this action.

## FACTUAL ALLEGATIONS

**EIGHTEEN:** On or about February 8, 2006 at approximately 8:40 P.M. and 3:00 P.M. at the corner of Vernon and Marcy Avenues in Brooklyn, New York, the Plaintiff was stopped and subsequently arrested based upon the Officer Defendants' herein unfounded belief that the Plaintiff had sold a quantity of heroin to an apprehended buyer.

**NINETEEN:** The Plaintiff was stopped, searched and placed under arrest although there were no controlled substance or narcotic found on the Plaintiff's person or nearby. Said stop took place while the Officer Defendants had their guns drawn on the

Plaintiff.

**TWENTY**:   During the course of said arrest, the Officer Defendants herein banged the Plaintiff against a car and went through his pockets.  Said Officer Defendants also kicked and pushed the Plaintiff while searching the Plaintiff and placing him under arrest causing him to sustain serious physical injury.

**TWENTY-ONE**:   During the course of said search, the Defendant Luppino took $3000.00 that was in a wallet that the Plaintiff was carrying.  Said money was never returned to the Plaintiff and was never vouchered.

**TWENTY-TWO**:   The Plaintiff was then taken to the 79th precinct where he was illegally strip-searched and placed in a holding cell.  Thereafter, the Plaintff was taken to Central Booking in Brooklyn where he was arraigned the next day and charged with Criminal Sale of a Controlled Substance in the Third Degree and related charges.  The Court set bail and the Plaintiff remained in jail until he was able to post bail.

**TWENTY-THREE**: Subsequently, the District Attorney's Office dismissed the felony charge of Criminal Sale of a Controlled Substance in the Third Degree and continued the prosecution of the Plaintiff for Criminal Possession of a Controlled Substance in the Seventh Degree, a misdemeanor charge.

**TWENTY-FOUR**:   The Plaintiff was required to make numerous Court appearances with respect to these charges until said charges were finally dismissed nearly two years later on April 15, 2008.

**TWENTY-FIVE**:   The Officer Defendants herein caused the aforementioned charges to be filed with full knowledge that said charges were false and with full knowledge of Plaintiff's innocence.

**TWENTY-SIX:** As a result of the foregoing, the Plaintiff was seriously and permanently damaged, suffered mental anguish as well as other psychological injuries, shame, humiliation, indignity, and damage to reputation and credit.

**TWENTY-SEVEN:** The actions and conduct of the Officer Defendant's herein were as a direct result of the long-standing and on-going actions, conduct, policies, practices and customs of the Defendant City of New York. Such actions, conduct, policies, practices and customs have resulted in a culture and attitude as well as philosophy by both New York City police officers and the City of New York that the ends justifies the means. The existence of said customs and practices have been well documented through numerous civil rights actions filed against the City of New York.

**TWENTY-EIGHT:** The policy and practice of the Defendant City of New York and the New York City Police Department includes arresting innocent persons in order to meet stated "productivity quotas" as stated by Deputy Commissioner Paul J. Browne on or about January 20, 2006 through several media outlets. Said policy encourages New York City police officers to seek out and target certain individuals for arrests where no probable cause for arrest exists in order to generate arrest statistics. As such, police officers wrongfully and unlawfully deprive individuals of their civil rights by subjecting said individuals to unlawful and unjustified detentions.

**TWENTY-NINE:** The actions of the Kings County District Attorney's Office were as a direct result of the long-standing and on-going actions, conduct, policies, practices and customs of the Defendant City of New York as well as inadequate training within the District Attorney's Offices of the City of New York.

**THIRTY:** Continued wrongful and unlawful behavior by members of the New York City Police Department including but not limited to illegal stops and illegal searches and seizure without

probable cause are well known to the City of New York and routinely ignored and tolerated by the City of New York despite censure and notice from such agencies as the Civilian Complaint Review Board. As a result, it has become the custom, policy and practice of the New York City Police Department under color of the City of New York, to engage in these illegal practices.

**THIRTY-ONE:** These policies and practices disproportionately impact racial minorities, immigrants and those who were not born in this country such as the Plaintiff herein.

**THIRTY-TWO:** The actions, conduct, policies, practices and customs described herein violated the Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

**THIRTY-THREE:** These actions, conduct, policies and practices were the proximate cause of the injuries and damages suffered by the Plaintiff. But for the gross negligence, incompetence and/or maliciousness of the Defendants individually or vicariously by and through their agents, servants and/or employees, the Plaintiff, **NEVILLE FRANCIS**, would not have endured this event.

**THIRTY-FOUR:** As a direct and proximate result of his unlawful detention, search, arrest and malicious prosecution, **NEVILLE FRANCIS** has been irreparably harmed and damaged. Specifically, **NEVILLE FRANCIS** has suffered injuries and damages including but not limited to loss of physical liberty and freedom, pain and suffering, intentional and/or negligent infliction of emotional distress, harm, shame, humiliation, fear, anxiety, indignity, damage to reputation and credit as well as psychological pain and trauma and mental anguish as well as serious physical injury.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
## "42 U.S.C. § 1983"

**THIRTY-FIVE:** That the Plaintiff repeats and re-alleges the allegations contained in paragraphs **"FIRST"** through **"THIRTY-FOUR"** of the complaint with the same force and effect as if fully set forth herein.

**THIRTY-SIX:** That the aforesaid actions of the Defendants individually or vicariously by and through their agents, servants and/or employees by subjecting the Plaintiff to an unlawful arrest, physical injury, unlawful detention, unlawful search and seizure of their person, unlawful imprisonment, and wrongful prosecution deprived the Plaintiff of rights, privileges, and immunities guaranteed to every citizen of the United States in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

**THIRTY-SEVEN:** That the Defendants individually or vicariously by and through their agents, servants and/or employees subjected the Plaintiff to racially and/or national origin discriminatory treatment in violation of the Plaintiff's rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

**THIRTY-EIGHT:** That the Defendants individually or vicariously by and through their agents, servants and/or employees acted in their individual and official capacities and within the scope of their respective employments as members of the New York City Police Department and acted under pretense and color of state law. That said acts were beyond the scope of their jurisdiction, without authority of law, and an abuse of their powers. Further, the Defendants individually or vicariously by and through their agents, servants and/or employees conspired with one another and acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his

constitutional rights secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

**THIRTY-NINE**: As a direct and proximate result of the actions of the Defendants individually or vicariously by and through their agents, servants and/or employees detailed above, the Plaintiff suffered the damages alleged herein.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
### "False Arrest and False Imprisonment"

**FORTY**: That the Plaintiff repeats and re-alleges the allegations contained in paragraphs "**FIRST**" through "**THIRTY-NINE**" of the complaint with the same force and effect as if fully set forth herein.

**FORTY-ONE**: By reason of the foregoing, the Plaintiff, **NEVILLE FRANCIS**, was wrongfully and illegally arrested, detained and imprisoned without privilege or probable cause to believe that a crime had been committed.

**FORTY-TWO**: That the aforesaid actions of the Defendants individually or vicariously by and through their agents, servants and/or employees in subjecting the Plaintiff to arrest, detention and imprisonment was wrongful, unjustifiable, carried out without a valid warrant, without Plaintiffs' consent, without probable cause or reasonable suspicion, and in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

**FORTY-THREE**: That throughout the relevant time periods, Plaintiff was unlawfully, wrongfully, and unjustifiably detained and deprived of his liberty and was conscious of said

confinement, did not consent to said confinement, and said confinement was not otherwise privileged.

**FORTY-FOUR:** That all of the acts giving rise to this cause of action occurred without any fault or provocation on the part of the Plaintiff.

**FORTY-FIVE:** That the Defendants individually or vicariously by and through their agents, servants and/or employees acted knowingly, willfully, unreasonably, and were grossly reckless in their flagrant disregard for the Plaintiff's rights, privileges, welfare and well-being.

**FORTY-SIX:** That the Defendants individually or vicariously by and through their agents, servants and/or employees acted in their individual and official capacities and within the scope of their respective employments as members of the New York City Police Department and acted under pretense and color of state law. That said acts were beyond the scope of their jurisdiction, without authority of law, and an abuse of their powers. Further, the Defendants individually or vicariously by and through their agents, servants and/or employees acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the United States Constitution, and Article 1, § 12 of the New York State Constitution, and New York State common law.

**FORTY-SEVEN:** That the Defendants, their officers, agents, servants, and employees were responsible for the false arrest and unlawful imprisonment of the Plaintiff. That the Defendant City of New York is responsible for the actions and conduct of the Officer Defendants, as employees and agents of the City of New York, pursuant to the doctrine of <u>respondeat superior.</u>

**FORTY-EIGHT:** As a direct and proximate result of the misconduct and abuse of authority detailed above, the Plaintiff suffered the damages alleged herein.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS
## "Malicious Prosecution"

**FORTY-NINE:** That the Plaintiff repeats and re-alleges the allegations contained in paragraphs **"FIRST"** through **"FORTY-EIGHT"** of the complaint with the same force and effect as if fully set forth herein.

**FIFTY:** That the aforesaid actions of the Defendants individually or vicariously by and through their agents, servants and/or employees caused a false accusatory instrument to be filed against the Plaintiff, **NEVILLE FRANCIS.**

**FIFTY-ONE:** That said instrument was dismissed and the criminal proceedings were favorably terminated.

**FIFTY-TWO:** That the Defendants individually or vicariously by and through their agents, servants and/or employees intended to deprive the Plaintiff **NEVILLE FRANCIS** of his constitutional rights under 42 U.S.C. §§ 1983 and 1985 and Article 1, § 12 of the New York State Constitution, and New York State common law.

**FIFTY-THREE:** That the Defendants individually or vicariously by and through their agents, servants and/or employees acted knowingly, maliciously, willfully, unreasonably, and/or were grossly reckless in their flagrant disregard for the Plaintiff's rights, privileges, welfare and well-being.

**FIFTY-FOUR:** That the Defendants, their officers, agents, servants, and employees were responsible for the malicious prosecution of the Plaintiff. That the Defendant City of New York is responsible for the actions and conduct of the Officer Defendants, as employees and agents of the City of New York, pursuant to the doctrine of <u>respondeat superior.</u>

**FIFTY-FIVE:** As a direct and proximate result of the misconduct and abuse of authority detailed above, the Plaintiff suffered the damages alleged herein.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### "Negligence"

**FIFTY-SIX:** That the Plaintiff repeats and re-alleges the allegations contained in paragraphs **"FIRST"** through **"FIFTY-FIVE"** of the complaint with the same force and effect as if fully set forth herein.

**FIFTY-SEVEN:** That the aforesaid actions of the Defendants individually or vicariously by and through their agents, servants and/or employees constitute negligence with respect to the Plaintiff in that the individual defendants owed a duty of care to the Plaintiff.

**FIFTY-EIGHT:** That the Defendants individually or vicariously by and through their agents, servants and/or employees breached that duty of care by causing Plaintiff to be subjected to an unlawful arrest, detention, search and seizure, imprisonment and prosecution.

**FIFTY-NINE:** Said injury occurred to Plaintiff without any fault or provocation on the part of Plaintiffs.

**SIXTY:** That the Defendants, their officers, agents, servants, and/or employees were responsible for the unlawful arrest, detention, search, and seizure, imprisonment and wrongful prosecution of the Plaintiff.

**SIXTY-ONE:** That the Defendants individually or vicariously by and through their agents, servants and/or employees intended to deprive the Plaintiff **NEVILLE FRANCIS** of his constitutional rights under 42 U.S.C. §§ 1983 and 1985 and Article 1, § 12 of the New York State Constitution, and New York State common law.

**SIXTY-TWO:** That the Defendants, their officers, agents, servants, and employees were responsible for the negligence towards the Plaintiff. That the Defendant City of New York is responsible for the actions and conduct of the Officer Defendants, as employees and agents of the City of New York, pursuant to the doctrine of <u>respondeat superior.</u>

**SIXTY-THREE:** That as a direct and proximate result of the unlawful conduct of the Defendants individually or vicariously by and through their agents, servants and/or employees described herein, the Plaintiffs suffered damages as alleged herein.

## <u>AS AND FOR A FIFTH CAUSE OF ACTION<br>AGAINST ALL DEFENDANTS</u><br>"Emotional Distress"

**SIXTY-FOUR:** That the Plaintiff repeats and re-alleges the allegations contained in paragraphs **"FIRST"** through **"SIXTY-THREE"** of the complaint with the same force and effect as if fully set forth herein.

**SIXTY-FIVE:** That the aforesaid actions of the Defendants individually or vicariously by and through their agents, servants and/or employees constitute intentional and/or negligent infliction of emotional distress on the Plaintiff and as a result of the conduct alleged herein, Plaintiff sustained serious emotional injuries.

**SIXTY-SIX:** That the Defendants individually or vicariously by and through their agents, servants and/or employees intended to deprive the Plaintiff **NEVILLE FRANCIS** of his constitutional rights under 42 U.S.C. §§ 1983 and 1985 and Article 1, § 12 of the New York State Constitution, and New York State common law.

**SIXTY-SEVEN:** That the Defendants, their officers, agents, servants, and employees

were responsible for the unlawful stop and detention, search and seizure of the Plaintiff which resulted in the extreme emotional distress to the Plaintiff. That the Defendant City of New York is responsible for the actions and conduct of the Officer Defendants, as employees and agents of the City of New York, pursuant to the doctrine of respondeat superior.

**SIXTY-EIGHT:** That as the proximate result of the aforesaid acts and omissions by the Defendants individually or vicariously by and through their agents, servants and/or employees the Plaintiff has sustained the damages alleged herein including but not limited to severe and extreme emotional distress.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK
### "Negligent Hiring and Retention of Employment Services"

**SIXTY-NINE:** That the Plaintiff repeats and re-alleges the allegations contained in paragraphs "**FIRST**" through "**SIXTY-EIGHT**" of the complaint with the same force and effect as if fully set forth herein.

**SEVENTY:** That as the employer of the Defendant Officers and the Kings County District Attorney's Office, the Defendant City of New York owed a duty of care to the Plaintiff to be free of violations of his statutory and constitutional rights at the hands of one of it's officers, employees, agents, or servants.

**SEVENTY-ONE:** That the Defendant City of New York owed a duty of care to the Plaintiff because a reasonable, prudent and careful person should have been able to anticipate that the injury that occurred to the Plaintiff herein or to others in a similar situation would be the likely result of the conduct described herein.

**SEVENTY-TWO:** That upon information and belief, the Officer Defendants were unfit and incompetent for their positions and that the employees of the Kings County District Attorney's Office were inadequately trained.

**SEVENTY-THREE:** That the actions, conduct, policies, practices and customs of the Defendant City of New York were negligent and otherwise violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983 and Article 1, § 12 of the New York State Constitution, and New York State common law.

**SEVENTY-FOUR:** That upon information and belief, the Defendant City's negligence in screening, hiring, training, disciplining and retaining the Officer Defendants as well as the employees of the Kings County District Attorney's Office handling the cases giving rise to this action was the proximate cause of the injuries to the Plaintiff.

**SEVENTY-FIVE:** That upon information and belief, as a direct result of the Defendant City's negligent hiring and retention of the Officer Defendants as well as the employees of the Kings County District Attorney's Office handling the criminal case giving rise to this action, the Plaintiff herein sustained serious, permanent, significant, and lasting physical and mental injury as well as loss of liberty.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**"Assault and Battery"**

**SEVENTY-SIX:** That the Plaintiff repeats and re-alleges the allegations contained in paragraphs **"FIRST"** through **"SIXTY-FIVE"** of the complaint with the same force and effect as if fully set forth herein.

**SEVENTY-SEVEN**: That the Defendants, acting within the scope of their employment, willfully, intentionally, and maliciously assaulted and battered Plaintiff NEVILLE FRANCIS in that they had the real or apparent ability to cause harmful and offensive bodily contact to the Plaintiff.

**SEVENTY-EIGHT**: That the Defendants did in fact intentionally and forcibly subject the Plaintiff to imminent bodily harm and/or offensive bodily contact. That the Defendants, by physical menace, also caused the Plaintiff to fear imminent and violent contact, thereby causing apprehension on the part of the Plaintiff of such contact by the Defendants toward the Plaintiff.

**SEVENTY-NINE**: That said assault and battery of the Plaintiff was unnecessary, unwarranted, unnecessarily intrusive and unreasonable in carrying out and/or performing the duties of the Officer Defendants as members of the New York City Police Department.

**EIGHTY**: That the Defendants individually or vicariously by and through their agents, servants and/or employees intended to deprive the Plaintiff **NEVILLE FRANCIS** of his constitutional rights under 42 U.S.C. §§ 1983 and 1985 and Article 1, § 12 of the New York State Constitution, and New York State common law.

**EIGHTY-ONE**: That the Defendants, their officers, agents, servants, and employees were responsible for the assault and battery of the Plaintiff. That the Defendant City of New York is responsible for the actions and conduct of the Officer Defendants, as employees and agents of the City of New York, pursuant to the doctrine of respondeat superior.

**EIGHTY-TWO**: As a direct and proximate result of the misconduct and abuse of authority detailed above, the Plaintiff suffered the damages alleged herein.

**WHEREFORE**, Plaintiff respectfully request judgment against the Defendants as follows:

1. An order awarding compensatory and other damages against the individual defendants to Plaintiff, **NEVILLE FRANCIS** in an amount to be determined at trial;

2. An order awarding punitive damages against the individual defendants to Plaintiff, **NEVILLE FRANCIS** in an amount to be determined at trial;

3. An award of declaratory and injunctive relief as to this Court may seem just and proper;

4. An Award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 1997 (e)(d) and

5. Such other and further relief as this Court may deem just and proper.

Dated: January 30, 2009
Brooklyn, New York

Law Offices of Danielle V. Eaddy, LLC
**DANIELLE V. EADDY, ESQ. [DE-1592]**
26 Court Street, Suite 1400
Brooklyn, NY 11242
(718) 246-2500